IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE LUIS MANZO, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:19-CV-528-P |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Jose Luis Manzo, a federal prisoner confined at FMC-Fort Worth, against Eric. D. Wilson, warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving an aggregate 228-month term of imprisonment for a violation of supervised release and his convictions for distribution of a controlled substance and conspiracy to possess a listed chemical with intent to manufacture a controlled substance in the United States District Court for the Eastern District of Washington. Resp't's App. 2-4, ECF No. 10. In this § 2241 petition, Petitioner claims a "due process violation by Bureau of Prisons by exceeding its statutory authority in going beyond judge found facts in classifying offense pursuant to 18 U.S.C. § 3621." Pet. 5, ECF No. 1. He asserts that "the Bureau of

Prisons has classified [his] drug offense as a violent conviction" and assigned him the "'Greatest Severity Offense' classification which is prohibiting [him] from earning sentence reducing credits along with Minimum Security designation." *Id.* Respondent contends that, as construed, the petition should be dismissed because Petitioner has not exhausted administrative remedies, in part, and because the petition is not ripe for review, in part. Resp't's Resp. 2-6, ECF No. 9. This Court, however, construes Petitioner's claim solely as a challenge to the custody classification given to him by the Bureau of Prisons, which Respondent acknowledges has been fully exhausted by Petitioner *via* the Bureau's administrative review process. *Id.* at 4.

## II. DISCUSSION

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A due process claim is only cognizable when a recognized liberty or property interest is at stake. *Bd. of Regents v. Roth,* 408 U.S. 564, 570-71 (1972). Generally, a prisoner's liberty interest is "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless, imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995) (citations omitted).

Petitioner's claim that his current detention violates his right to due process under the

Constitution because his custodial classification, which was allegedly improperly determined by the Bureau of Prisons, has rendered him ineligible for sentence-reducing credits and specific security designations does not raise a constitutional violation. Pet. 5, ECF No. 1. It is well settled in this circuit that prisoners do not have a constitutionally protected liberty interest in their custodial classifications. *See Wilkerson v. Stalder,* 329 F.3d 431, 435-36 (5th Cir. 2003). "Classification of prisoners is a matter left to the discretion of prison officials." *McCord v. Maggio,* 910 F.2d 1248, 1250 (5th Cir. 1990) (citing *Wilkerson v. Maggio,* 703 F.2d 909, 911 (5th Cir. 1983)). "Prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status." *McGruder v. Phelps,* 608 F.2d 1023, 1026 (5th Cir. 1979). Petitioner has failed to state a constitutional claim, and he is not entitled to habeas relief.

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED.** A certificate of appealability is also **DENIED**.

**SO ORDERED** on this 19th day of December, 2019.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE